UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON VILLANUEVA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF BAYSIDE STATE PRISON,<br><br>Respondent. | Civil Action<br>No. 21-20606 (CPO)<br><br>OPINION |

**O'HEARN, District Judge.**

Petitioner is a state prisoner currently incarcerated at Bayside State Prison, in Leesburg, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction and will not issue a certificate of appealability.

### I.    BACKGROUND[1]

The Court gleans from the limited allegations that Petitioner takes issue with receiving a sanction from the New Jersey Department of Corrections ("NJDOC"). (ECF No. 6, at 3–4.) Petitioner states that he was charged with "possession or introduction of a weapon, such as, but not limited to a sharpened instrument, knife or unauthorized tool," under the New Jersey Administrative Code.[2] (*Id*. at 3.) Petitioner offers no further factual elaboration. Ultimately, on September 18, 2019, the NJDOC sanctioned Petitioner with 181 days of administrative segregation. (*Id*.) Petitioner does not allege that he received any other sanctions.

---

[1] The Court will accept the factual allegations in the Petition as true for the purpose of this Opinion.

[2] Petitioner listed a different provision of the Administrative Code, but he appears to be referring to New Jersey Administrative Code § 10A:4-4.1(a)(1)(xvii).

Petitioner filed an appeal with the New Jersey Superior Court, Appellate Division, arguing that the disciplinary decision was "arbitrary, capricious, or unreasonable," and that it "was unsupported by substantial credible evidence in the record as a whole." (*Id*. at 4.)  On May 13, 2021, the Appellate Division affirmed. (*Id*.)  At some point thereafter, Petitioner filed a petition for certification with the Supreme Court of New Jersey, and that court denied certification on November 16, 2021. (*Id*.)

Petitioner filed his initial petition in December of 2021, and the instant Petition in April of 2022.  Petitioner once again argues that the NJDOC's disciplinary decision was "arbitrary, capricious, or unreasonable," and that it "was unsupported by substantial credible evidence in the record as a whole." (*Id*. at 7–9.)  In terms of relief, Petitioner seeks an order reversing his sanction and the removal of the charge from his record. (*Id*. at 17.)  Petitioner also seeks the cost of his legal copies and postage, as well as to hold "all officers involved . . . accountable." (*Id*.)

## II.     STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).  A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, federal courts may "dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856.  More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and

2

any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III.  DISCUSSION

In this case, Petitioner contends that the NJDOC's disciplinary hearing and sanction violated his rights.  Under 28 U.S.C. § 2254(a), however, habeas jurisdiction only extends to a prisoner "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time" he files his petition. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)); *see also Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161, 176 (3d Cir. 2019).

In other words, a petitioner must satisfy "two jurisdictional requirements: the status requirement that the petitioner be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *E.g.*, *Wood v. New Jersey*, No. 08-4515, 2009 WL 448777, at *4 (D.N.J. Feb. 20, 2009) (quoting 28 U.S.C. § 2254(a)) (citing *Maleng*, 490 U.S. at 490).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" other legal proceedings.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted).  Stated differently, "unless the claim would fall within the 'core of habeas' and require sooner release if resolved in the [prisoner's] favor," prisoners should bring a prison related claim through other legal avenues.  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims regarding his disciplinary hearing and sanction do not sound in habeas. It appears that the NJDOC only sanctioned Petitioner with 181 days of administrative segregation. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's challenges to his hearing and sanction, however, do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional.[3]

In other words, because a ruling in Petitioner's favor, such as expunging his disciplinary record or finding that the hearing violated his rights "would not alter his sentence or undo his conviction," *i.e.*, require his sooner release, he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009); *Nicholson v. Carroll*, 458 F. Supp. 2d 249, 250–51 (D. Del. 2006) ("[A] challenge to a disciplinary hearing that resulted in the imposition of discipline other than the loss of good-time credit does not allege a proper ground for habeas relief."). As a result, this Court lacks jurisdiction under § 2254 to hear these claims. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi*, 353 F. App'x at 681; *Nicholson*, 458 F. Supp. 2d at 251 (holding that because petitioner's only sanction was "confine[ment] to administrative segregation for 15 days . . . his sole claim fail[ed] to assert an issue cognizable on federal habeas review").

---

[3] Alternatively, assuming *arguendo*, that administrative segregation constitutes custody, Petitioner has long since completed his term of administrative segregation. *See Piasecki*, 917 F.3d at 176 ("Rather, we hold that the custodial jurisdiction requirement is satisfied by severe, immediate, physical, and (according to the state's own definition) punitive restraints on liberty that are imposed pursuant to—and included in—the judgment of a state court."). Consequently, if Petitioner's administrative segregation were the custody in question, any challenge to that custody would now be moot.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with the Court's conclusion that it lacks jurisdiction in this matter. Accordingly, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction and will not issue a certificate of appealability. An appropriate Order follows.


DATED: July 15, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**